UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELROSE NORTH LLC, MELROSE
HOUSING DEVELOPMENT FUND
CORPORATION, HOME BUILDER 1 L.P.,
ACE INDUSTRIES NY LLC, and
FEDERATED MUTUAL INSURANCE
COMPANY,

                        Plaintiffs,

        -against-

FALLS LAKE NATIONAL INSURANCE
COMPANY,

                        Defendant.

Case No. 1:25-cv-05742 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

     Plaintiffs Melrose North LLC, Melrose Housing Development Fund Corporation, Home Builders 1 L.P., Ace Industries NY LLC, and Federated Mutual Insurance Company (collectively, "Plaintiffs") bring this action against Defendant Falls Lake National Insurance Company ("Defendant"), invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiffs allege that Plaintiff Melrose Housing Development Fund Corporation is a New York corporation with its principal place of business in New York, and that Plaintiff Federated Mutual Insurance Company is a Minnesota company with its principal place of business in Minnesota. Dkt. 1 ("Compl.") ¶¶ 2, 5. Plaintiffs also allege that Plaintiff Melrose North LLC and Plaintiff Ace Industries LLC (the "Plaintiff LLCs") are limited liability companies organized under the laws of and having a principal place of business in New York, *id.* ¶¶ 1, 4, and that Plaintiff Home Builders 1 L.P. (the "LP Plaintiff") is a limited partnership organized under the laws of and having a principal place of business in New York, *id.* ¶ 3. Finally, Plaintiffs allege that Defendant is incorporated in Ohio with a principal place of business in North Carolina. *Id.* ¶ 6.

1

It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members).  Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs).  *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).  Additionally, a party's citizenship, including the citizenship of LLC members, "must be affirmatively pled." *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Flemming v. Port Auth. of New York & New Jersey*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) ("It is not enough to allege, in conclusory fashion, that none of a[n] LLC[] [party's] members are citizens of the same state as [the opposing party].").  In the present case, the Complaint fails to affirmatively plead the citizenship of each member of the Plaintiff LLCs.  *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).

Moreover, Plaintiffs have not properly alleged the citizenship of the LP Plaintiff.  "For purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its general and limited partners." *Caren v. Collins*, 689 F. App'x 75, 76 (2d Cir. 2017) (summary order) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)).  The Complaint does not allege

2

the citizenships of any of the LP Plaintiff's partners, let alone the citizenship of each of its general and limited partners. *See Wilmington Tr. Co. v. Hellas Telecomms., S.à.r.l.*, No. 12-cv-08686 (JPO), 2016 WL 7339112, at *3-4 (S.D.N.Y. Aug. 4, 2016) (complaint that did not identify general or limited partners of limited partnership "failed to show complete diversity").

Accordingly, it is hereby ORDERED that, on or before **July 22, 2025**, the Plaintiffs shall amend their Complaint to affirmatively allege the citizenship of each constituent person or entity comprising the Plaintiff LLCS and the citizenship of each general and limited partner of the LP Plaintiff. If, by that date, the Plaintiffs are unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: July 15, 2025
New York, New York

_____
JENNIFER L. ROCHON
United States District Judge

3