UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELROSE NORTH LLC, MELROSE
HOUSING DEVELOPMENT FUND
CORPORATION, HOME BUILDER 1 L.P.,
ACE INDUSTRIES NY LLC, and
FEDERATED MUTUAL INSURANCE
COMPANY,

                              Plaintiffs,

                    -against-

FALLS LAKE NATIONAL INSURANCE
COMPANY,

                              Defendant.

Case No. 1:25-cv-05742 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiffs Melrose North LLC, Melrose Housing Development Fund Corporation, Home

Builders 1 L.P., Ace Industries NY LLC, and Federated Mutual Insurance Company

(collectively, "Plaintiffs") bring this action against Defendant Falls Lake National Insurance

Company ("Defendant"), invoking the Court's subject matter jurisdiction on the ground of

diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiffs allege that Plaintiff Melrose Housing

Development Fund Corporation is a New York corporation with its principal place of business in

New York, and that Plaintiff Federated Mutual Insurance Company is a Minnesota company

with its principal place of business in Minnesota. Dkt. 1 ("Compl.") ¶¶ 2, 5. Plaintiffs also

allege that Plaintiff Melrose North LLC and Plaintiff Ace Industries LLC (the "Plaintiff LLCs")

are limited liability companies organized under the laws of and having a principal place of

business in New York, *id.* ¶¶ 1, 4, and that Plaintiff Home Builders 1 L.P. (the "LP Plaintiff") is

a limited partnership organized under the laws of and having a principal place of business in

New York, *id.* ¶ 3. Finally, Plaintiffs allege that Defendant is incorporated in Ohio with a

principal place of business in North Carolina. *Id.* ¶ 6.

1

In the present case, the Complaint fails to affirmatively plead the citizenship of each member of the Plaintiff LLCs.  *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).  The Complaint also does not allege the citizenships of any of the LP Plaintiff's partners, let alone the citizenship of each of its general and limited partners.  *See Caren v. Collins*, 689 F. App'x 75, 76 (2d Cir. 2017) (summary order) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)).

On July 15, 2025, the Court ordered Plaintiffs to amend their Complaint on or before **July 22, 2025**, to affirmatively allege the citizenship of each constituent person or entity comprising the Plaintiff LLCS and the citizenship of each general and limited partner of the LP Plaintiff.  Dkt. 5 at 3.  *See Wilmington Tr. Co. v. Hellas Telecomms., S.à.r.l.*, No. 12-cv-08686 (JPO), 2016 WL 7339112, at *3-4 (S.D.N.Y. Aug. 4, 2016) (complaint that did not identify general or limited partners of limited partnership "failed to show complete diversity").  The Court warned Plaintiffs that "[i]f, by that date, the Plaintiffs are unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party."  Dkt. 5.  That date has now passed without Plaintiffs amending their Complaint or otherwise communicating with this Court.  As such, the Court DISMISSES the Complaint for lack of subject matter jurisdiction.

SO ORDERED.

Dated: July 23, 2025
New York, New York

*Jennifer Rochon*

JENNIFER L. ROCHON
United States District Judge